**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DARIAN COOK,                          :
                                      :       Civil Action No. 07-3672 (RMB)
            Plaintiff,                :
                                      :
            v.                        :       **OPINION**
                                      :
OFFICER LAYTON,                       :
                                      :
            Defendant.                :


**APPEARANCES:**

Plaintiff pro se
Darian Cook
L.S.C.I. Butner
P.O. Box 999
Butner, NC 27509

**BUMB**, District Judge

        Plaintiff, a prisoner confined at the Federal Correctional

Institution at Butner, North Carolina, seeks to bring this action

in forma pauperis pursuant to 42 U.S.C. § 1983, alleging

violations of his constitutional rights.  Based on his affidavit

of indigence and the absence of three qualifying dismissals

within 28 U.S.C. §1915(g), the Court will grant Plaintiff's

application to proceed in forma pauperis pursuant to 28 U.S.C.

§ 1915(a) and order the Clerk of the Court to file the Complaint.

        At this time, the Court must review the Complaint to

determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on or about September 10, 1992, while driving on the New Jersey Turnpike, he was pulled over by the defendant Officer Layton.  Officer Layton then conducted a search of the vicinity and located a package that later tested as cocaine.  Officer Layton then arrested Plaintiff and the other occupant of the automobile.

Plaintiff was convicted in the Superior Court of New Jersey, under indictment number 92-10-0456, of cocaine possession. Plaintiff was sentenced to a prison term of seven years imprisonment, of which he served 48 months.

On April 21, 2006, upon the motion of the Attorney General of New Jersey, Plaintiff's conviction was overturned and dismissed with prejudice, on the basis of racial profiling.

Plaintiff asserts that defendant Officer Layton stopped and searched him solely on the basis of racial profiling, which this Court construes as a claim that Plaintiff was stopped, searched, and arrested without probable cause, in 1992, in violation of the Fourth Amendment.

Plaintiff seeks compensatory and punitive damages.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time, certain <u>in forma pauperis</u> and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the

3

> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).  See also Morse v. Lower Merion School

Dist., 132 F.3d at 906 (a court need not credit a pro se

plaintiff's "bald assertions" or "legal conclusions").

A pro se complaint may be dismissed for failure to state a

claim only if it appears "'beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an

amendment, a district court may not dismiss the complaint with

prejudice, but must permit the amendment.  Denton v. Hernandez,

504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293

F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v.

Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Plaintiff claims that Officer Layton stopped, searched, and arrested him, in 1992, without sufficient probable cause.  This claim must be dismissed as untimely.  See Nicholas v. Heffner, 2007 WL 933298, *2 (3d Cir. 2007) (unpubl.) ("Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine

whether dismissal is appropriate, <u>sua sponte</u> dismissal under 28 U.S.C. § 1915 is permissible.").

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. <u>See</u> <u>Walmsley v. Philadelphia</u>, 872 F.2d 546 (3d Cir. 1989)(citing cases); <u>see also</u>, <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." <u>Groman v. Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995); <u>Palma v. Atlantic County</u>, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing <u>Groman</u>). Indeed, the U.S. Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." <u>Wallace v. Kato</u>, 127 S.Ct. 1091, 1095 (2007).

An arrestee could file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends. <u>Wallace</u>, 127 S.Ct. at 1095-96.

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held <u>pursuant to such process</u> - when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the

"entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by <u>wrongful institution</u> of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."

<u>Wallace</u> 127 S.Ct. 1096 (emphasis in original) (citations and footnote omitted). Similarly, any claim of constitutional deprivation arising out of the search accrued at the time of the search.

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.[1] <u>See Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. <u>See Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d

---

[1] However, "the accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Wallace v. Kato</u>, 127 S.Ct. at 1095 (emphasis in original).

Cir. 1987).  Unless their full application would defeat the goals
of the federal statute at issue, courts should not unravel
states' interrelated limitations provisions regarding tolling,
revival, and questions of application.  Wilson v. Garcia, 471
U.S. at 269.

New Jersey statutes set forth certain bases for "statutory
tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling
because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing
tolling because of nonresidency of persons liable).  New Jersey
law permits "equitable tolling" where "the complainant
has been induced or tricked by his adversary's misconduct into
allowing the filing deadline to pass," or where a plaintiff has
"in some extraordinary way" been prevented from asserting his
rights, or where a plaintiff has timely asserted his rights
mistakenly by either defective pleading or in the wrong forum.
See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted),
certif. denied, 172 N.J. 178 (2002).  "However, absent a showing
of intentional inducement or trickery by a defendant, the
doctrine of equitable tolling should be applied sparingly and
only in the rare situation where it is demanded by sound legal
principles as well as the interests of justice."  Id.

When state tolling rules contradict federal law or policy,
in certain limited circumstances, federal courts can turn to
federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370

(3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, the limitations period began to run on Plaintiff's claims no later than the date of his trial.  Plaintiff states that he served a term of imprisonment of 48 months as a result of that trial and conviction.  Thus, the limitations period on Plaintiff's claims ran while he was confined pursuant to the later dismissed conviction.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, Plaintiff's claims are untimely and must be dismissed with prejudice.

### V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: December 14, 2007

9