**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARIAN COOK, | : | |
| | : | Civil Action No. 07-3672 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OFFICER LAYTON, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff pro se
Darian Cook
L.S.C.I. Butner
P.O. Box 999
Butner, NC 27509

**BUMB**, District Judge

   Plaintiff Darian Cook, a prisoner confined at the Federal Correctional Institution at Butner, North Carolina, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This Court has previously granted him leave to proceed in forma pauperis.

   On December 14, 2007, this Court, relying upon Wallace v. Kato, 549 U.S. 384 (2007), dismissed the within Complaint as time-barred. See Wallace v. Kato, 549 U.S. 384 (2007)(holding that a claim for false arrest accrues at the time of the arrest); Nicholas v. Heffner, 2007 WL 933298, *2 (3d Cir. 2007) (unpubl.) ("Where the statute of limitations defense is obvious from the

face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, <u>sua sponte</u> dismissal under 28 U.S.C. § 1915 is permissible.").

On appeal, in a non-precedential opinion, the Court of Appeals for the Third Circuit agreed that any claim for false arrest or false imprisonment was time-barred, but found that the Complaint also asserted a claim for selective enforcement which was not time-barred.[1]  Relying on its decision in <u>Gibson v. Superintendent</u>, 411 F.3d 427, 435, 441, (3d Cir. 2005), the Third Circuit disagreed with this Court's holding that "any claim of constitutional deprivation arising out of the search accrued at the time of the search" Opinion, Docket No. 7, at 7, and vacated this Court's judgment holding that the selective enforcement claim did not accrue until Plaintiff's conviction was overturned. On remand, this Court permitted Plaintiff to amend his Complaint in accordance with the Court of Appeals' decision and to proceed with his claim of selective enforcement.

During the course of this litigation, the Court of Appeals for the Third Circuit revisited its ruling in <u>Gibson</u> in light of

---

[1] To establish a selective-enforcement claim, a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'"  <u>Hill v. City of Scranton</u>, 411 F.3d 118, 125 (3d Cir.2005) (quoting <u>Holder v. City of Allentown</u>, 987 F.2d 188, 197 (3d Cir.1993)).

2

Wallace v. Kato, supra.  In a precedential opinion, the Court of Appeals held that Gibson was overridden by Wallace v. Kato.  The Court stated:

> In Gibson v. Superintendent of New Jersey Department of Law & Public Safety-Division of State Police, 411 F.3d 427 (3d Cir.2005), we held, relying on the rule of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), that the statute of limitations for a selective-enforcement claim "did not begin to run until [the] sentence was vacated." Gibson, 411 F.3d at 441. We believe, however, that the Supreme Court's decision in Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), which clarified the Heck rule, extends to Fourteenth Amendment selective-enforcement claims and thus overrides our decision in Gibson.

Dique v. New Jersey State Police, 603 F.3d 181, 183 (3d Cir. 2010).

As a result of Dique, this Court sua sponte ordered Plaintiff to show cause why this matter should not be dismissed with prejudice as time-barred.  Plaintiff has failed to respond to this Court's Order.

Here, as in Dique, Plaintiff's claim for selective enforcement accrued when the wrongful act resulting in damages occurred.  As in Dique, although Plaintiff was allegedly wrongfully stopped on the New Jersey Turnpike on September 10, 1992, he may not have been aware of the wrongful nature of the stop until the State of New Jersey released 90,000 pages of documents relating to the pervasive pattern of unlawful stops on the turnpike.  Such documents were released in April 1999 and November 2000.  This Complaint was not filed until August 6,

2007.  As Plaintiff, by the exercise of reasonable diligence, should have become aware of the unlawful nature of his stop long before August 6, 2005, the Complaint is untimely and must be dismissed with prejudice.[2]

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: January 7, 2011

---

[2] Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.